### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: <br> AKORN HOLDING COMPANY LLC, *et al.*[1] <br><br> Debtor(s) | * <br> * Case No. 23-10253 (KBO) (Lead Case) <br> * Adversary Proceeding #: 25-50321-KBO <br> * (Jointly Administered) <br> Chapter 7 |

\*   \*   \*   \*   \*   \*   \*       \*   \*   \*   \*   \*   \*   \*

| | |
|---|---|
| AKORN HOLDING COMPANY LLC, *et al.* <br><br> Plaintiff, <br> v. <br> TSO General Corp., <br><br> Defendant | * <br> * <br> * <br> * <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*       \*   \*   \*   \*   \*   \*   \*

### DEFENDANT'S MOTION TO DISMISS COMPLAINT

Defendant TSO General Corp. ("TSO") by and through their undersigned counsel, files this Motion to Dismiss ("Motion") as to the Complaint field by George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, LLC, *et al*. against TSO General Corp. In support thereof, Defendant states the following:

### INTRODUCTION

1. TSO is a full-service printing company, specializing in custom printing, direct mailing, book binding, and more. TSO is a small, family run business based in Farmingdale, NY.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

File No.: DE202100000094

2. The Debtors Akorn Holding Company LLC ("Debtors") and TSO had an ongoing business relationship for years prior to the Debtors filing the lead bankruptcy case, Case No. 23-10253-KBO, whereby TSO would supply the Debtors with anything pertaining to the Debtors' printing and mailing needs. TSO mainly printed the Debtors' logbooks but also printed other bound or hard cover books for the Debtors' business purposes. TSO and the Debtors maintained a good working relationship for years, up until the commencement of the lead bankruptcy case.

3. In Paragraph 1 of the Complaint, the Plaintiff seeks to avoid and recover from TSO, any preferential transfers of property of the Debtors that occurred during the ninety-day period before the commencement of the lead bankruptcy case. The lead bankruptcy case, Case No. 23-10253-KBO, commenced on February 23, 2023. Ninety days prior to the commencement of the lead bankruptcy case is November 25, 2022. (the "Preference Period"). TSO has five invoices billed to the Debtors during that time period, Invoice 14817, dated December 15, 2022, Invoice 14819, dated December 22, 2022, Invoice 14835, dated January 10, 2023, Invoice 14883, dated February 24, 2023, and Invoice 14839, dated January 19, 2023 (together known as the "Preference Period Invoices"), attached hereto as **Exhibit A.**

4. Paragraph 1 of the Complaint also details that the Plaintiff seeks to avoid any transfers that may have been fraudulent pursuant to Bankruptcy Code §§ 11 U.S.C. 548 and 550. TSO does not believe Section 548 applies to them as no fraudulent transfers occurred with regard to TSO, and no specific facts pertaining fraud were plead against TSO in the Complaint. TSO and the Debtors were in an ongoing ordinary course of business relationship prior to the commencement of the bankruptcy case.

5. Paragraph 2 of the Complaint discusses Plaintiff's ability to disallow certain claims filed by a Defendant. While TSO has not filed any claim in this bankruptcy, two of the above-mentioned Preference Period Invoices remain unpaid, for which TSO reserves all rights associated with

filing a claim if so desired.

6. TSO is not an insider to the Debtors.

7. For the reasons to be more thoroughly explained below, the Plaintiff cannot avoid the transfers it seeks to avoid from TSO.

## DISCUSSION

8. Federal Rule of Civil Procedure 12(b)(6) made applicable to this Adversary Proceeding under Federal Rule of Bankruptcy Procedure 7012, states that a Complaint must contain a claim upon which relief can be granted. *See*, Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012. If a Complaint fails to state a claim upon which relief can be granted, then the Complaint shall be dismissed upon a Motion by the Defendant. *See*, Fed. R. Bankr. P. 7012. In reviewing a Motion to Dismiss a complaint under Rule 12(b)(6), Courts must accept the factual allegations of the complaint as true and construe them in the light most favorable to the Plaintiff. *See*, *Simon v. Cebrick*, 53 F.3d 17, 20 (3d Cir. 1995); *D.R. v. Middle Bucks Area Vocational Technical School*, 972 F.2d 1364, 1367 (3d Cir. 1992), *cert. denied*, 506 U.S. 1079 (1993); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

9. The Third Circuit, specifically, undertakes a three-step analysis to determine whether a Complaint is sufficient enough to overcome a Motion to Dismiss under Rule 12(b)(6):

> First, the court must "tak[e] note of the element a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more that conclusions, are not entitle to the assumption of truth." Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Advanced Rehabilitation, LLC v. UnitedHealth Group, Inc.*, 498 Fed. Appx. 173, 176 (3d Cir. 2012) (non-precedential) (quoting *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)). Although the primary consideration for a Rule 12(b)(6) are the allegations set forth in the complaint, "matters of public record, orders, exhibits attached to the complaint, and items

appearing in the record of the case may be taken into account." *See*, *Slater v. Marshall*, 895 F. Supp. 93, 94 (E.D. Pa. 1995) (citing *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990)).

10. The Complaint alleges that Plaintiff seeks avoidance and recovery of transfers pursuant to 11 U.S. Code §§ 547, 548, & 550.

11. According to 11 U.S. Code § 547(b):

except as provided in subsections (c) and (i) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—

    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made—
        (A) on or within 90 days before the date of the filing of the petition; or
        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if—
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

12. Certain exemptions to the above captioned provisions are listed in 11 U.S. Code § 547(c):

(c) The trustee may not avoid under this section a transfer—
    (1) to the extent that such transfer was—
        (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
        (B) in fact a substantially contemporaneous exchange;
    (2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was—
        (A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or
        (B) made according to ordinary business terms;
    (3) *omitted*.
    (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor

      gave new value to or for the benefit of the debtor—
          (A) not secured by an otherwise unavoidable security interest; and
          (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor;
      (5) *omitted.*
      *Remainder of section 547(c) omitted.*

13. In order to be successful on an action under § 547, "[a]ll five elements that must be established by the trustee or debtor-in-possession in order to recover a preference." *In re Zeta Consumer Products Corp.,* 291 B.R. 336, 346-347 (Bankr. D.N.J. 2003). More generally, "[i]f the trustee fails to prove all five elements, a preference has not been established. *Id.* at 347.

14. Even if the five elements of § 547(b) are met, the transfer, however, cannot be avoided "if the creditor proves the existence of any of the exceptions set forth in § 547(c)." *Id.* Section 547(c) establishes affirmative defenses, "which are designed to encourage trade creditors to continue dealing with financially distressed business, and to ensure that those creditors are treated equitably." *In re Dots, LLC*, 562 B.R. 286, 295 (Bankr. D.N.J. 2017): *See*, *In re Net Pay Sols., Inc.*, 822 F.3d 144, 150 (3d Cir. 2016); *In re Friedman's Inc.*, 738 F.3d 547, 558 (3d Cir. 2013).

15. Assuming *arguendo* that Plaintiff is found to have satisfied the elements of § 547(b), the transfer nonetheless remains unavoidable under the "contemporaneous exchange defense" provided for in § 547(c)(1). As applied in the this Circuit, "[t]o prove that the transfers were not avoidable because they fell within the contemporaneous exchange defense under § 547(c)(1), [] [Defendant] ha[s] to show that the transfers were (i) intended by the debtor and the creditor to be a contemporaneous exchange for new value given to the debtor; and (ii) in fact a substantially contemporaneous exchange." *In re Hechinger Inv. Co. of Delaware, Inc.*, 489 F.3d 568, 574 (3d Cir. 2007); *In re Spada*, 903 F.2d 971, 974-75 (3d Cir. 1990). As a starting point, "[t]he critical inquiry in determining whether there has been contemporaneous exchange for new value is whether the parties intended such an exchange." *Hechinger*, 489 F.3d at 574; *Spada*, 903 F.2d at

File No.: DE202100000094

975. The "determination of such intent is a question of fact." *Spada*, 903 F.2d at 975.

16. The Court in *Spada* held that "there must be some manifest desire by the parties that the exchange contemporaneously grant money or money's worth in new credit, goods, services, or property to the debtor in order to sustain a finding of intent." *Id.* (citing *Matter of Prescott*, 805 F.2d, 719, 728 (7th Cir. 1986)).

17. Plaintiff further alleges that he is entitled to recovery under 11 U.S.C. § 548. Section 548 provides for two (2) separate causes of action – one for actual fraud and one for constructive fraud. The Complaint fails to plead a cause of action as to actual fraud by the Defendant, and therefore, Plaintiff's claims rely solely on the notion of constructive fraud as the basis for his requested relief. To succeed on a claim under § 548(a)(1)(B), Plaintiff must prove, by a preponderance of the evidence, that "(1) the debtor had an interest in property; (2) a transfer of that interest occurred within one year of the bankruptcy filing; (3) the debtor was insolvent at the time of the transfer or became insolvent as a result of the transfer; and (4) the transfer resulted in no value for the debtor or the value received was not 'reasonably equivalent' to the value of the relinquished property interest." *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 210-211 (3d Cir. 2006); *See*, 11 U.S.C. § 548(a)(1); *BFP v. Resolution Trust Corp.*, 511 U.S. 531 (1994). Upon proof of each of the foregoing elements, "fraud on the creditors is presumed." *Id.*

18. Assuming, *arguendo*, this Honorable Court determines that Plaintiff was insolvent at the time of the transfer as contemplated by § 548(a)(1)(B), Defendant avers that all allegations under Section 548 should still be dismissed under Rule 12(b)(6) for failure to state a claim as Plaintiff did not receive less than a reasonable equivalent value from the transfer with Defendant. A determination of whether Plaintiff did or did not receive "reasonable equivalent value" from Defendant requires "a factual inquiry into whether it received *any* value; and if so, whether, under the totality of the circumstances, that value was "reasonably equivalent" to what it paid." *In re Nat. Pool Constr.*,

598 Fed. Appx. 841, 844 (3d Cir. 2015); *Fruehauf*, 444 F.3d at 212-13.

19. As noted by the Third Circuit, "[t]he concept of reasonably equivalent value unfortunately has not been defined in the Code." *R.M.L.*, 92 F.3d at 148.  In reviewing an action under § 548, the Supreme Court determined that "[o]f the three critical terms 'reasonably equivalent value,' only the last is defined: 'value' means, for purposes of § 548, 'property, or satisfaction or securing of a … debt of the debtor.'" *BFP*, 511 U.S. at 535-536.  As such, "Congress left to the courts the obligation of marking the scope and meaning of [reasonably equivalent value]." *R.M.L.*, 92 F.3d at 148 (quoting *In re Morris Communications NC, Inc.*, 914 F.2d 458, 466 (4th Cir. 1990).  The Third Circuit "employ[s] a two (2) step process in determining whether a debtor received reasonably equivalent value … in a particular transaction: (1) whether any value is received, and (2) whether that value was reasonably equivalent to the transfer made."  *In re Universal Marketing, Inc.*, 541 B.R. 259, 296 (Bankr. E.D. Pa. 2015); *R.M.L*, 92 F.3d at 152; *In re Plassein Int'l Corp.*, 405 B.R. 402, 411 (Bankr. D. Del 2009), *aff'd* 248 B.R. 64 (D. Del 2010).

20. Defendant hereby moves for the dismissal with prejudice of any action asserted, directly or by inference, as to any recovery under § 550 as Plaintiff fails to set forth a claim upon which relief can be granted.  The Code provides that:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b) or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from –
    (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
    (2) any immediate or mediate transferee or such initial transferee.

21. 11 U.S.C. § 550(a); *Hechinger*, 489 F.3d at 579 (3d Cir. 2007); *In re Cybridge Corp.*, 312 B.R. 262, 267-268 (D.N.J. 2004); *In re G-I Holdings, Inc.*, 313 B.R. 612, 644 (Bankr. D.N.J. 2004).  As noted by the Court in *Cybridge*, "[t]he purpose of Section 550 is to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred." *Cybridge*, 312 B.R.

at 268. (quotations and citations omitted).

22. Whether Plaintiff is entitled to recovery from Defendant under § 550 requires a finding that any of the aforementioned transfers were avoided under §§ 547, 548 or 549.

23. To the extent that Plaintiff seeks to disallow claims pursuant to § 502, Defendant avers that it has not submitted a claim in the bankruptcy case, and does not plan to, but reserves any and all rights pertaining to filing a claim in the bankruptcy case.

**ARGUMENT**

24. The Complaint should be dismissed as the Plaintiff cannot establish a claim upon which relief can be granted. Plaintiff's Complaint appears to be a generic catch all complaint sent to all of the creditors the Debtors had a relationship up to the commencement of the bankruptcy case. The Plaintiff's claims in the Complaint are no more than conclusion statements. There is no plausible claim arising from the allegations set forth in Plaintiff's Complaint. For the reasons established below, Plaintiff fails to state a claim upon which relief can be granted under sections 547, 548, 550 and 502.

25. All five elements of 11 U.S. Code § 547(b) must be established by the Trustee or debtor in possession in order to recover a preference. TSO does not dispute elements 1 or two of section 547. TSO is without sufficient knowledge or belief as to the insolvency of the Debtor to dispute element 3 of section 547. TSO consents that the amount the Trustee seeks to avoid ($10,133.68) was made during the Preference Period. TSO disputes that it would have received more money from Chapter 7 liquidation.

26. The exemptions laid out in Section 547(c) clearly apply such that the request to avoid the transfers should be denied. As previously mentioned, the Debtors and TSO worked together on printing jobs for many years. All of the transactions between the Debtors and TSO were done on a contemporaneous exchange basis, such that new value was given to the Debtors. Put simply, the

Debtors would contact TSO for a print job, TSO would provide the service requested and would provide the printed books to the Debtors. The Debtors were to pay the invoices within a 30-day period. This is a contemporaneous exchange as the Debtor would exchange money for services completed. The new value received by the Debtors are the books they requested to be printed. This business scenario falls squarely within the contemporaneous exchange exemption, and TSO should not be punished for dealing with a financially distressed business.

27. Moreover, the transfer of payment of the debt incurred by the Debtors was in the ordinary course of business. The business relationship between the Debtors and TSO dates back to August 31, 2019. TSO's business dealings with the Debtors goes beyond 2019, when the Debtors were known as Hi-Tech Pharmacal. TSO has 29 invoices spanning over a four-year period between the Debtors and TSO, as evidenced by Exhibit A. The invoices are for printing logbooks, landscape books, hard cover bound books, etc. The invoice history between the Debtors and TSO shows ongoing ordinary business to business functions. These transactions were done similar to most business transactions, whereby a service is provided, an invoice is given, payable in 30 days. The Debtors paid almost all of the invoices submitted.

28. Defendant avers that all allegations under Section 548 should still be dismissed under Rule 12(b)(6) for failure to state a claim as Plaintiff did not receive less than a reasonable equivalent value from the transfer with Defendant. Defendant does not dispute that Plaintiff had an interest in the property, and that the transfers occurred within a year period. The Defendant does not have enough information to dispute the insolvency of the Debtor at the commencement of the bankruptcy. Defendant does dispute that the transfer resulted in no value for the debtor, or the value received was not reasonably equivalent to the value relinquished in the property interest. As previously mentioned, the Debtors would request printing jobs from TSO. TSO would provide logbooks, hardback books, landscape books, whatever the Debtors needed printed or mailed. The

value they received – i.e., the printed products, were a reasonable value for what the Debtor paid. The Debtors always received value from transfers with TSO. TSO's would charge the Debtor based on competitive market prices, and did not exceed any unreasonable value transfers. TSO charges similar clients' similar prices and pricing is contingent upon the amount of products being printed or mailed.

29. Likewise, Defendant moves for the dismissal with prejudice of any action asserted, directly or by inference, as to any recovery under § 550 as Plaintiff fails to set forth a claim upon which relief can be granted. Defendant does not believe that Plaintiff has established a finding that any of the Preference Period Transfers were avoided under sections 547 or 548. As set forth more fully above, Defendant contends that the fact that Plaintiff has failed to set forth a cause of action under any of the preceding sections of the Code, or alternatively, that Defendant has sufficiently demonstrated any defense under each respective section of the Code, renders the requested relief under § 550 moot for purposes of the within Motion to Dismiss. Conversely, if Defendant is found to have liability for any findings under §§ 547, 548 or 549, Defendant respectfully requests that this Honorable Court enter an Order that only allows for recovery to the extent of making the Estate in Plaintiff's Main Case whole. *See*, *Hill*, 342 B.R. at 204 ("The entire transfer need not be undone. A fraudulent transfer should be avoided onto the extent creditors were harmed.").

30. WHEREFORE, for the reasons set forth in the Defendant's Motion to Dismiss, Defendant respectfully request that this Court issue an Order granting the Motion and dismissing the Complaint, with prejudice, and granting such other relief as this Court deems proper.

Date: May 16, 2025								Respectfully Submitted,

   /s/  Daire Pyle
Daire Pyle   FBN: 6895
Stern & Eisenberg, PC
200 Biddle Avenue, Suite 107
Newark, DE 19702
Phone: (302) 731-7200
Fax: (302) 731-7211
dpyle@sterneisenberg.com
Attorney for TSO General Corp.